UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


MICHAEL LEE DANIELS,

      Petitioner,

v.                                  CASE NO. 6:05-cv-1800-Orl-19KRS

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

      Respondents.

_____

## ORDER

      This case is before the Court on the amended petition for habeas corpus relief filed by Petitioner pursuant to 28 U.S.C. section 2254 (Doc. No. 6).  Thereafter, Respondents filed a response to the petition for writ of habeas corpus (Doc. No. 8).  Petitioner then filed a reply (Doc. No. 15) and a supplemental reply (Doc. No. 18) to the response.

      Petitioner raises the following six claims in his petition: 1) counsel was ineffective for failing to investigate and to introduce "favorable witnesses" at trial; 2) counsel was ineffective for failing to object when the State referred to a key witness during opening argument but then failed to present the witness at trial; 3) counsel was ineffective for failing to move to suppress statements made by Petitioner to law enforcement officers; 4) counsel was ineffective for failing to introduce evidence that Petitioner's fingerprints were not found on the firearms recovered from the vehicle; 5) the State failed to disclose evidence that would have been favorable to Petitioner, and counsel was ineffective for failing to raise

an objection; and 6) counsel was ineffective for failing to investigate certain illegal acts by the law enforcement officers.

### Procedural History

Petitioner was charged by information with armed carjacking with a firearm or deadly weapon. A jury trial was held, and Petitioner was found guilty as charged in the information. The trial court adjudicated Petitioner guilty of the crime and sentenced him to imprisonment for a term of twenty-five years. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief with the state trial court, raising five claims. The trial court denied claim four at the outset and then conducted an evidentiary hearing as to the remaining claims. After the hearing, the trial court entered an order denying the remaining claims. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

### Claims One, Two, Three, Four, and Six

A.      *Section 2254(d) Precludes Relief In This Case As to Claims One, Two, Three, Four, and Six*

Section 2254(d) provides as follows:

(d)      An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835

(11th Cir.), *cert. denied*, 534 U.S. 1046 (2001),

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts. Under the `unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.* Additionally, a determination of a factual issue made by a state court shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See id.* at 835-36; 28 U.S.C. § 2254(e)(1).

Claims one, two, three, four, and six were raised in Petitioner's motion for postconviction relief, and the trial court denied them on the merits. The state appellate court affirmed the denial. The Court finds that claims one, two, three, four, and six must be denied under section 2254(d).

B.     *Governing Law*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief

on the ground that his counsel rendered ineffective assistance.  The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense.  *Id.* at 687.  A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance.  *Id.* at 689-90.

The trial court utilized the standard set forth in *Strickland* in assessing Petitioner's claims.  It is well-established that *Strickland* is the controlling legal authority to be applied to ineffective assistance of counsel claims.  *See Wellington v. Moore*, 314 F.3d 1251, 1260 (11th Cir. 2002).

C.      *Claim One*

Petitioner avers that counsel was ineffective for failing to investigate and to introduce "favorable witnesses" at trial.  According to Petitioner, there were three eyewitnesses who were at the scene of the crime and would have testified that, although Petitioner was present at the scene, a carjacking did not take place.

At the evidentiary hearing, Petitioner's counsel testified that, at trial, he presented a witness, Murray Clemmons, who knew Petitioner prior to the occurrence of the carjacking; that Mr. Clemmons was at the scene of the carjacking; and that Mr. Clemmons testified that Petitioner was not at the scene of the crime.  Consequently, since the defense was relying on the theory that Petitioner was not at the scene of the crime, it would have

been harmful and inconsistent to then present the eyewitness testimony which would have placed Petitioner at the scene of the crime. (Transcript of Evidentiary Hearing at 20-24.)

Clearly, this was a matter of trial strategy. As noted by the Eleventh Circuit Court of Appeals in *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994):

> The Supreme Court has mandated a highly deferential review of counsel's conduct, especially where strategy is involved. Intensive scrutiny and second-guessing of attorney performance are not permitted. Because it is a wide range of performance that is constitutionally acceptable, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. Cases in which deliberate strategic decisions have been found to constitute ineffective assistance are even fewer and farther between. *This case is not one of them.*

(Citations omitted) (quotations omitted) (emphasis added). Therefore, the Court determines that counsel's conduct was reasonable with regard to this claim and that Petitioner has not demonstrated prejudice.

D.    *Claim Two*

Petitioner avers that counsel was ineffective for failing to object when the State referred to a key witness during opening argument but then failed to present the witness at trial. Beverly Hayes assisted the victims in this case by dialing 911 and by helping them search for and locate the stolen vehicle. During opening argument, the prosecutor described Ms. Hayes' assistance, *see* Transcript of Trial at 33-34; however, she was not called to testify at trial.

This claim is without merit. First, Petitioner has not shown that there was a basis for an objection in this case. At the time of the opening argument, it was not possible for

Petitioner's counsel to know who would actually be called as a witness for the State. Finally, Petitioner has not demonstrated that he sustained any prejudice.

E.    *Claim Three*

Petitioner maintains that counsel was ineffective for failing to move to suppress statements made by Petitioner to law enforcement officers.  Petitioner indicates that he "made a statement or confession to Sgt. Clark without being Mirandized."

At trial, Sergeant Clark testified that Petitioner asked to speak with him personally and that Petitioner had been "Mirandized by deputies at the scene."  (Transcript of Trial at 228.)  Petitioner then informed Sergeant Clark that "he was responsible for --he was guilty in regards to the crime."  *Id.*

At the evidentiary hearing, Petitioner's counsel testified that, after deposing Sergeant Clark, he did not believe that there were grounds to file a motion to suppress. (Transcript of Evidentiary Hearing at 38.)   He further mentioned that he believed that Petitioner had been "Mirandized."  *Id.* at 58.

The Court finds that there does not appear to have been a basis supporting a motion to suppress and that it was reasonable for Petitioner's counsel to not file a motion to suppress.

F.    *Claim Four*

Petitioner indicates that counsel was ineffective for failing to introduce evidence that Petitioner's fingerprints were not found on the firearms recovered from the vehicle. According to Petitioner, there were two guns found in the victim's car, but his fingerprints

were not found on either gun.

Petitioner's counsel testified at the evidentiary hearing that he was aware of these facts but that he did not feel that the lack of Petitioner's fingerprints on or in the vehicle would be helpful to the case.  (Transcript of Evidentiary Hearing at 58-66.)  Again, the Court will not second-guess counsel's strategy, and there is no indication that counsel's conduct was in any manner unreasonable with regard to this matter.

G.   *Claim Six*

Petitioner contends that counsel was ineffective for failing to investigate certain illegal acts by the law enforcement officers.  According to Petitioner, the deputy sheriffs did not "process the [stolen] vehicle" because they did not want to damage or dirty the interior of the car.

Assuming, without deciding that the vehicle was not properly "processed," Petitioner fails to indicate what evidence would have been discovered if the deputies had properly inspected the vehicle.  Petitioner's allegations with regard to this matter are too vague and conclusory to support a finding of ineffective assistance of counsel.

H.   *Conclusion*

In the present case, the Court finds that, with regard to claims one, two, three, four, and six, trial counsel's conduct was reasonable and/or that Petitioner has not shown prejudice.  Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision with regard to these claims was either "contrary to" or an "unreasonable application of" *Strickland*.  Moreover, Petitioner has not demonstrated that

the state court made an unreasonable determination of the facts in light of the evidence presented.  Therefore, these claims must be denied pursuant to section 2254(d).

*Claim Five*

According to Petitioner, 1) the State failed to disclose evidence regarding the ownership of the firearms that were found in the vehicle, and 2) counsel was ineffective for failing to raise an objection.

Petitioner raised issue one in his Rule 3.850 motion, and the trial court determined that it was procedurally barred.  The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[1] or (2) are not exhausted but would clearly be barred if returned to state court.[2]  Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law.  In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ."  *Tower v. Phillips*, 7 F.3d 206, 210

---

[1]*Harris v. Reed*, 489 U.S. 255, 261 (1989).

[2]*See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment `clearly and expressly' state that its judgment rests on a procedural bar.").

(11th Cir. 1993).[3]

There are two exceptions to the procedural default bar.  The first is the "cause and prejudice" exception;[4] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances.  *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default.  Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception.  The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.  Therefore, issue one is procedurally barred.

As to issue two, Petitioner has not shown that counsel had a basis upon which to raise an objection or that he sustained prejudice.  There is no indication that the State in any manner concealed this information, and Petitioner has not alleged or otherwise demonstrated how this information would have been beneficial to his case.  Therefore, issue two is without merit.

─────────────────

[3]Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court.  *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995).

[4]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice."); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Michael Lee Daniels is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this __24th__ day of August, 2006.

```
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT
```

Copies to:
pslc 8/24
Counsel of Record
Michael Lee Daniels